FILED

2012 MAR 22  AM 10: 19

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, CIVIL ACTION

DAVID BAUER,

       Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.

       Defendant.

_____/

CASE NO.# 12    005775

8:12-CV-615-T-26AEP

## COMPLAINT

Plaintiff David Bauer sues defendant Midland Credit Management Inc., and states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which exceed $2,500 but do not $15,000; it is brought by David Bauer, an individual consumer, for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA; collectively "the Acts").

2. The FDCPA prohibits debt collectors, and the FCCPA prohibits all persons, from engaging in abusive, deceptive and unfair practices while engaging in collecting or attempting to collect consumer debts; the debt sought to be collected by the defendant herein was a consumer debt. The TCPA prohibits all persons from making automated telephone calls to any person's cellular telephone.

3. The plaintiff has retained the below-signed attorney and is obligated to pay him a

reasonable fee for his services.

## PART II: PARTIES, JURISDICTION, AND VENUE

4. Plaintiff David Bauer ("Bauer") is a natural person residing in Hillsborough County, Florida.

5. Defendant Midland Credit Management, Inc. ("Midland"), is a Kansas corporation doing business in the state of Florida, with its principal place of business being located in San Diego, California.

6. Defendant Midland Credit Management Inc. is a debt collector within the meaning of the FDCPA, and is subject to the provisions of the FDCPA, the FCCPA, and the TCPA; it is subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

## PART III: FACTS

7. The background facts leading to the filing of this action are as follow:

a. At some point during or about February 2011 Midland began reporting to one or more credit reporting agencies that Bauer owed $399 or more to Midland on a debt that was originally allegedly owed to Target National Bank ("the debt").

b. Beginning during or about February 2011 Midland began making calls to Bauer's cellular telephone using automated dialing equipment in an attempt to collect the alleged debt; the total number of such calls made is unknown to Bauer but well known to Midland.

c. At no time did Bauer give Midland express permission to call his cellular telephone through the use of automated dialing equipment.

d. On various occasions Bauer spoke to Midland on the telephone and denied owing the debt.

e. Between February 2011 and the date of filing this action Midland made multiple reports of the debt to one or more credit reporting agencies, but failed to include the fact

that Bauer disputed the debt Midland was reporting, as shown by the TransUnion credit report page attached as Exhibit "A" and the Experian credit report pages attached as Exhibit "B".

f. The number of false and erroneous reports made by Midland to credit reporting agencies without noting that Bauer disputed the debt is unknown to Bauer, but well known to Midland.

g. Between February and December 2011 at least 25 entities and people viewed Bauer's credit report containing false information, as shown by the credit report pages attached as Exhibit "C".

## PART IV: CLAIMS

### COUNT I: CLAIMS UNDER FDCPA

8. Paragraphs 1 through 7 are hereby realleged and incorporated herein

9. Midland violated the FDCPA multiple times at 16 U.S.C. § 1692e(2)(A), which prohibits any debt collector from making any false representation in connection with attempted collection of any debt, including the false representation of the character, amount, or legal status of any debt.

10. Midland violated the FDCPA multiple times at 15 U.S.C. § 1692e(8), which prohibits any debt collector from communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Midland Credit Management Inc. for statutory damages of $1,000.

### COUNT II: CLAIMS UNDER FCCPA

11. Paragraphs 1 through 7 are re-alleged and incorporated herein.

12. The FCCPA at § 559.72(5) provides in pertinent part that "In collecting consumer debts, no person shall: (5) Disclose to a person other than the debtor or her or his family

information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that...the information is false." By making multiple false reports to one or more credit reporting agencies, Midland repeatedly violated this provision of the FCCPA

13. The FCCPA at § 559.72(6) provides in pertinent part that "In collecting consumer debts, no person shall: (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." By making multiple false reports to one or more credit reporting agencies, Midland repeatedly violated this provision of the FCCPA.

14. Each separate violation of the FCCPA committed by Midland at a different time is eligible for a separate award of statutory damages. § 559.77(2), Fla. Stat.

15. The number of false credit reports made about Bauer by Midland to various credit reporting agencies is unknown to Bauer but well known to Midland.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Midland Credit Management Inc. for statutory damages of $1,000 for each violation of the FCCPA shown to have been committed at different times by Midland.

## COUNT III: CLAIMS UNDER TCPA

18. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

19. The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part as follows: "(b)(1) It shall be unlawful for any person --- (A) to make any call...using any automatic telephone dialing system or an artificial or prerecorded voice --- (iii) to any telephone number assigned to a...cellular telephone service...."

20. The TCPA at 47 U.S.C. § 227(b)(3) provides for a private right of action by any person aggrieved by any violation or violations of the TCPA for equitable relief and/or "for actual monetary loss from such a violation or...$500 in damages for each such violation,

whichever is greater...." The TCPA at this section also states that "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award" up to $1,500 per call.

21. Each of the automated telephone calls made by Midland to Bauer's cellular telephone was a violation of the TCPA; the violations were committed willfully or knowingly within the meaning of the TCPA at 47 U.S.C. § 227(b), and accordingly the Court should increase the amount of statutory damages awarded to $1,500 for each such violation.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Midland Credit Management Inc. for statutory damages of $1,500 for each violation of the TCPA shown to have been committed at different times by Midland.

## PART V: AD DAMNUM

WHEREFORE, plaintiff David Bauer demands judgment against defendant Midland Credit Management Inc. for damages as follow:

a. FDCPA DAMAGES: Total statutory damages of $1,000 for multiple violations of the FDCPA;

b. FCCPA DAMAGES: Statutory damages of $1,000 for each violation of the FCCPA shown to have been committed at different times by Midland;

c. FCCPA EQUITABLE RELIEF: Equitable relief enjoining the defendant from further violations of the FCCPA;

d. TCPA DAMAGES: Statutory damages of $1,500 for each violation of the TCPA shown to have been committed at different times by Midland;

e. TCPA EQUITABLE RELIEF: Equitable relief enjoining the defendant from further violations of the TCPA;

f. <u>FEES AND COSTS</u>: Costs and attorneys' fees pursuant to the FDCPA and FCCPA.

/s/ Timothy Condon

TIMOTHY CONDON, ESQ. - FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Telephone 813-474-1221 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF